UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | |
|---|---|
| RONALD E. HILL, ) | |
| ) | |
| Petitioner, ) | |
| ) | No. 5:18-CV-509-REW-HAI |
| v. ) | |
| ) | OPINION AND ORDER |
| DEPARTMENT OF CORRECTIONS, ) | |
| ) | |
| Respondent. ) | |

\* \* \* \* \* \* \* \* \* \*

On June 21, 2018[1], Petitioner Ronald E. Hill filed a facially untimely 28 U.S.C. § 2254 Petition for a Writ of Habeas Corpus in the Western District of Kentucky. DE #1 (Petition). On that same date, he also filed a document titled "Motion to Show Cause of Why Petitioner Did Not Meet the One Year Statute of Limitations." DE #3. This document offered two reasons for Petitioner's untimeliness: (1) he did not have "the legal knowledge and experience to file for [a] writ of habeas corpus[;]" and (2) he did not have "an attorney or Legal Aid" to assist him in doing so. *Id.* at 1. Because Petitioner challenges a Fayette County conviction, the Western District transferred the action to this Court on August 27, 2018. DE #8.

On September 20, 2018, given the apparent absence of a legally sufficient basis for equitable tolling of the limitations period, the Court ordered Hill to show cause why it should not dismiss his petition as time-barred, by October 22, 2018. DE #14. On October 9, 2018, the Court received notice that the Order (sent to Petitioner at Luther Luckett Correctional Complex, in

---

[1] This filing date reflects the prison mailbox rule. *See Richard v. Ray*, 290 F.3d 810, 812–13 (6th Cir. 2002) (*per curiam*). Hill placed his petition in the prison mailing system on June 21, 2018. DE #1 at 17.

1

LaGrange, Kentucky) had been returned as undeliverable. DE #19. The Clerk thus forwarded the Order to Green River Correctional Complex, in Central City, Kentucky, with a request for Petitioner to update his address in writing. *Id.* Petitioner has not done so; nor has he responded to the Court's Order at DE #14. However, a search of Kentucky's online offender database confirms that Hill is in fact a current inmate at Green River Correctional Complex. On November 19, 2018, the Department of Corrections responded to Hill's petition, arguing that it is time-barred. DE #23. The September Order, DE #14, contemplated affording Hill a one-month period to respond on timeliness, and the Court has allowed him (more than) a month since the date the Clerk resent DE #14 to the correct facility. Since that time, Hill has not communicated with the Court, and the Court cannot let the case languish on its docket indefinitely without Petitioner's participation. The Court perceives Hill's petition as barred by the applicable statute of limitations governing § 2254 actions, and Hill has not provided any facts indicating otherwise or establishing tolling.

As stated in DE #14, while Hill's petition fails to provide dates of decisions in his cases, "[a] review of the Kentucky Supreme Court's dockets reveals that Hill's May 22, 2013 Judgment in the Fayette Circuit Court (on remand from the Kentucky Court of Appeals) became final when the Kentucky Supreme Court declined review on February 11, 2015." DE #14 at 2 n.3; *see Hill v. Commonwealth*, Case No. 2014-SC-000366 (Ky. Feb. 11, 2015); *see also Hill v. Commonwealth*, No. 2011-CA-2099, 2012 WL 6632818, *1 (Ky. Ct. App. Dec. 21, 2012) (vacating and remanding for additional findings of fact), and *Hill v. Commonwealth*, No. 2013-CA-1026, 2014 WL 2536983, *1 (Ky. Ct. App. June 6, 2014) (affirming Fayette Circuit's decision on remand). Hill's petition indicates that he did not pursue further relief of any sort. *See* DE #1 at 3. Consequently, Hill's conviction became final on February 11, 2015, and he did not file his habeas petition until June 21, 2018. *See* DE #1.

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) prescribes a strict one-year limitation period for § 2254 petitions, and Hill filed his petition more than three years after time began to run in his case. 28 U.S.C. § 2244(d). His proffered reasons for the untimely filing—his lack of legal knowledge and assistance—are patently inadequate to support equitable tolling under the governing law. *See, e.g.*, *Allen v. Yukins*, 366 F.3d 396, 403 (6th Cir. 2004) (quoting *Rose v. Dole*, 945 F.2d 1331, 1335 (6th Cir. 1991)) ("Even if Allen lacked actual knowledge of the relevant provisions of AEDPA, this court has repeatedly held that 'ignorance of the law alone is not sufficient to warrant equitable tolling.'"); *Shelley v. Meko*, No. 10-198-GFVT, 2011 WL 4591184, at *3 (E.D. Ky. Aug. 16, 2011) (citing *Lewis v. Casey*, 116 S. Ct 2174, 2180 (1996)) (noting that "an inmate is *not* constitutionally entitled to legal assistance[,]" and a lack of legal assistance is not a cognizable impediment to timely filing a habeas petition) (emphasis in original); *Wilson v. Birkett*, 192 F. Supp. 2d 763, 766 (E.D. Mich. 2002) ("[C]laims that a petitioner did not have professional legal assistance are also not an extraordinary circumstance which would toll the statute of limitations.").

Hill filed his petition well outside the one-year AEDPA limit, and he has not pointed to any circumstances that would toll the timeframe. Accordingly, the Court **DISMISSES** Hill's time-barred petition (DE #1), with prejudice, and **DENIES** a certificate of appealability.[2] A Judgment to this effect follows.

This the 26th day of November, 2018.

---

[2] The Court denies issuance of a certificate because the timeliness result is not, on this record, fairly debatable, for all the reasons explained above. *See Slack v. McDaniel*, 120 S. Ct. 1595, 1604 (2000) (requiring a petitioner to demonstrate, when a court dismisses on procedural grounds, that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling").

